By the Court.
This case comes into this court on appeal from the order of the Public Utilities Commission requiring the-plaintiffs in error, The Zanesville Terminal Railroad Company and The Pennsylvania Railroad Company, “from and after the date of the service of this order, and for so long as complainant, said Mclntire Coal and Builders Supply Company shall occupy its present premises, to place for unloading on the sidetrack of The Mclntire Coal and Builders Supply Company all loaded cars received at Zanesville, Ohio, consigned to said The Mclntire Coal and Builders Supply Company, and, upon requisition therefor, to place upon the aforesaid sidetracks, for loading such empty cars, or its pro-rata share of the avail *226 able ear supply, as said The Mclntire Coal and Builders Supply Company may require for the forwarding of shipments.”
Such order of the commission was based upon a finding of facts from the testimony adduced upon the hearing, which finding is supported by the record, substantially as follows: That the sidetracks in question until a short time prior to the filing of the complaint were used for the purpose of furnishing proper and adequate shipping facilities to the complainant; that said sidetracks were at the time of making said order, and theretofore, in a safe and proper condition to be operated over for the purpose of furnishing switching and shipping facilities to and from the complainant’s plant; and that the railroad companies had refused to operate cars over said sidetracks or place cars thereon. The commission further found that complainant was occupying grounds belonging to the railroad company, but refused to consider or determine the question of the right so to do, and also refused to consider whether certain rentals were due from the complainant to defendants, or certain re.funders were due from the defendant companies to the complainant, holding that those questions were, not within the jurisdiction of the commission and did. not affect the rights of the parties in this. proceeding. The commission held that under the testimony disclosed by the record complainant was entitled to the service demanded by virtue of the provisions of Section 504, Genéral Code, and that said companies were required to provide such service in order to comply with the requirement *227 that “each railroad shall furnish reasonably adequate service and facilities.”
In our opinion the contention of the plaintiffs in error that the commission had no, jurisdiction whatever of the subject-matter, and the further contention that the commission erred in refusing to substitute the Director General of Railroads of the United States in place of the railroad companies, are not well founded.
The record discloses a controversy between The Zanesville Terminal Railroad Company and the complainant growing out of certain contracts for the construction of the two switches in question and the occupancy of the premises owned by The Zanesville Terminal Railroad Company by a portion of complainant’s plant, which is and has heretofore been served over said switch tracks. It is contended that under the terms of the contract between said parties relative to such matters- The Mclntire Coal & Builders Supply Company is no longer entitled to the possession of said property or to the benefit of service of its plant over said sidetracks.
The. Public Utilities Commission was right in refusing to consider and determine- the questions .growing out of such controversy. It has no such-jurisdiction. It is, sufficient that it appear, as it does in this record, that complainant is and has been for some time in possession of a plant adjoin-' ing these tracks, the operation of which requires the service and facilities sought. If • it is not entitled to possession an ejectment action must be prosecuted elsewhere, and such action is now pend *228 ing. The Public Utilities Commission has only such jurisdiction as is conferred by statute.
There is no prejudicial error in refusing to substitute the Director General of Railroads of the United States. The complaint in this proceeding was filed with the Public Utilities Commission on August 28, 1918, while it appears that The Zanesville Terminal Railroad was not actually under federal control until October 10, 1918. If it be assumed that General Order No. 50 of the Director General of Railroads is valid and effective, the provisions thereof, that pleadings in pending proceedings may be amended by substituting the Director General of Railroads, must be considered as permissive only, as recently held in the case of Jensen v. Lehigh Valley Rd. Co., 255 Fed. Rep., 795.
It not appearing that the order of the Public Utilities Commission herein is either unreasonable or unlawful the same is affirmed.

Order affirmed.

Nichols, C. J., Jones, Matthias, Johnson, Donahue, Wanámaktr and Robinson, JJ., concur.